Thank you both for joining us, and we'll proceed with the appellant's argument. Thank you, Judge, and may it please the Court, my name is Edward Remza. I represent the appellant in this case, Roberta Bell. I would respectfully ask for a minute, save a minute of my time for rebuttal, please. Okay, I'll try to remind you, but you should watch the clock and try to stop before it's all gone. Thank you, Judge. Thank you, Judge. This June of 2022 will mark the 30-year mark when Roberta Bell and other individuals were charged with murder and related charges of a confidential informant in Pennsylvania named Doreen Proctor. She was the only defendant in that multi-defendant state court case that was acquitted of all the charges, including murder and witness tampering. It was only after her acquittal in state court that the federal government began an investigation and instituted this prosecution. She was convicted of that, she was convicted in 1996 in the Middle District of Pennsylvania. Even though it's indisputable in this case that there have been substantive changes to the witness tampering statute that resulted in a retrial for her co-defendant, Willie Tyler, who was not tried in the same trial as Ms. Bell. But Mr. Tyler had the benefit of prompt court-appointed counsel who filed a prompt post-conviction proceeding. He had the benefit of being incarcerated within the Middle District of Pennsylvania and was able to have his post-conviction claims heard before the same court. Ms. Bell, unfortunately, has not set foot in the courtroom since 1996. As this court is aware, the district court in this case denied federal habeas relief under 2241 and the court denied it even without conducting any type of evidentiary hearing. We believe that was wrong for at least two reasons. We believe first that a new trial should be ordered in this case because of the fact that Ms. Bell's conviction, her conviction both on the official proceeding tampering count as well as the communication provision of the tampering count. And in this case, the jury returned a general verdict. I don't think there could really be any serious dispute that there was a general verdict in this case. The judge had instructed the jury that they could find Ms. Bell guilty at the time in 1996 in two proceeding provision of the statute or the communication. Is that relevant to the issue we have in front of us? Because the issue we have is actual innocence. And so it's not whether this particular verdict was or was not tainted. It's actual innocence. And indeed, Bowsley says you can go beyond the record of the trial. So we're not really doing a forensic examination of the trial. And so, you know, doesn't she then need to clear the table or run the table on both elements of or both alternative theories for the charge? And that seems to be what Lorenzen says. I mean, maybe the Third Circuit went the other way from Lorenzen, but aren't we bound by it? So, Judge, I do think it's, Judge Collins, I do think it's relevant. And I understand we are bound by the fact that Ms. Bell, the way she was charged in her original indictment, and the way the jury was charged with an entirely new change in the law, where the government now has conceded that she's innocent of the official proceeding provision. I think that that by itself establishes actual innocence because we don't know how the jury rendered its verdict. No, to be innocent of this offense, she needs to knock down both alternatives for how she could be guilty of it. If this were direct appeal, or perhaps even a 2255, Griffin would carry the day because we don't know which theory the jury relied upon. But if we're looking at actual innocence, and she may be guilty on one of the two theories, it seems she needs to disprove both of them. Am I wrong that Lorenzen says that, that she has to disprove both of them? Well, I think, again, Judge, I did make the distinction in the, well, let me answer your question very directly. Yes, but I think that I think the government's concession that she's actually innocent of the official proceeding charge establishes that from the get go. And I think that also establishes her actual innocence in the case. The Lorenzen case... Can I interrupt for just a minute before this runs past me? Certainly, Judge. I take your answer to Judge Collins' question as being, although you kind of walked away from it as soon as you made it, that she has to prove that she's actually innocent of the A1C charge as well. That is to say, the reasonable likelihood of communication with a federal officer charge. Is that right? She has to prove she's actually innocent of that charge too? Well, I think ultimately she does. Okay. No, that's all I want to know. So the question is, has she been able to show that she's actually innocent of that charge? Well, I believe the record supports that she does or she can. But in addition, even in the claims of actual innocence, she hasn't been able to do that. The only existing record we have in this case is her trial from 1996 when the law now is changed. It's a much higher threshold that the government has to establish the reasonable likelihood. But her argument of actual innocence does not appear to be actual innocence of participation in the killing. Her argument of actual innocence is whether or not it fulfills the condition of statute that there was a reasonable likelihood, and she was trying to prevent that likelihood from occurring, of communication with a federal officer. So we're not talking about whether she participated in the killing. She's not trying to produce actual innocence of that. Am I right about that? You're right about that. Right. We're talking solely about the witness tampering statute upon which she was convicted. But the record in this case, what the government has essentially argued is that the record in this case, citing to the 2013 Willie Tyler dissent and then the ultimate reversal in 2000, excuse me, in 2020, where the Third Circuit reversed the Rule 29 finding by the district court. Again, Roberta Bell has never had the opportunity to question. She wasn't a party to any of those proceedings of Mr. Tyler. She should have the same exact opportunity that Mr. Tyler had, who had multiple bites at the apple. She should certainly be at least at a minimum afforded the opportunity to make a showing, an opportunity to establish that. Mr. Remza, can I interject a question, please? Sure, Judge. One of the claims you or issues you raised was whether she was entitled to an evidentiary hearing. So my question is, if we remanded for an evidentiary hearing, what would be the specific issues that the court would be asked to decide? And what would be your client's evidence on those? So certainly, I believe that some of it will be the witnesses, some of the integral witnesses that were previously called, Detective Phones, Agent Diller. Again, she has never had an opportunity for her attorney to question and develop her own set of facts. There may be other witnesses to call. There was testimony in state court proceedings from the elected district attorney about Ms. Proctor's cooperation up to that point, that it was essentially over. There may be other witnesses to call, and certainly she should at least have the opportunity to develop that. Counsel, if you could write our order to remand, tell me the precise language of what it is you'd ask us to instruct the district court. To decide what to hold a hearing on. Well, I think Judge Gould, similarly, what the Third Circuit did in the first, in the 2013 Tyler decision, was to remand it back for an evidentiary hearing for Mr. Tyler and now Ms. Bell to have an opportunity to develop and produce facts to I've gone over my minute. Thank you. Okay, thank you. Well, for your planning purposes, I'm going to give you a minute of rebuttal whether you want it or not. And now for the appellee, if counsel wants an extra minute of time, we'll move appellee's time clock to 11 minutes. Okay, please proceed. Thank you, Your Honor. May it please the court. Carlo Marchioli on behalf of the warden. Roberta Bell participated in the brutal murder of a witness in 1992. The principal question in this case is whether no reasonable juror could find that it was reasonably likely that the victim, Doreen Proctor, would have communicated with a qualifying law enforcement officer had she lived. That question has been addressed numerous times in the related case involving Ms. Bell's co-conspirator, Willie Tyler, and not one of the many judges who has reviewed that case has answered that question in Mr. Tyler's or Ms. Bell's favor. What's your response to counsel's suggestion that he should have been allowed to get past the starting gate in order to make a showing of actual innocence on the communication theory? I think that's exactly what Judge Koh gave to Ms. Bell. The government moved to dismiss the 2241 petition. Judge Koh denied that motion, ordered the government to respond, and then gave Ms. Bell the ability to present additional evidence or at least identify additional evidence that she would want to present. In response to the government's answer to the petition, Ms. Bell submitted multiple transcripts from, I believe, four different state court proceedings, including a transcript from the district attorney that Mr. Rimza mentioned a moment ago. The government did not argue that Judge Koh should not consider that evidence, and in fact, Judge Koh did consider that 2017 trial of Mr. Tyler, as well as related proceedings in that retrial, and Judge Koh considered all of that as well. But throughout the district court proceeding, and then in the briefing on appeal, Ms. Bell has never identified additional evidence that she would want, that she wanted to up until Mr. Tyler's 2017 retrial, received exactly the same process that Mr. Tyler received. In Mr. Tyler's case, the district court there actually dismissed the 2241 petition for lack of jurisdiction. The Third Circuit in 2013 said that was incorrect and remanded potentially for an evidentiary hearing, but the parties there, similar to what occurred here, did not present or did not request an evidentiary hearing. And really here, like I said, Ms. Bell did present additional evidence. Ms. Bell did ask Judge Koh to consider the 2017 retrial of Mr. Tyler, and Judge Koh considered all those submissions in determining that Ms. Bell had not established her do so in this context. But did Judge Koh make particular findings on the communication theory, issue of innocence? I don't think she made a specific individual findings, but she did find that it was possible, or it was more likely than not, that at least one reasonable juror could find that it was reasonably likely that Ms. Proctor would have communicated with a qualifying law enforcement officer had she lived. The additional point that I'll make related to Judge Collins' questions about Lorenzen, I do think Lorenzen controls here. Ms. Bell was required to establish her actual innocence as to both of the government's theories. Even beyond Lorenzen, recognizing that I do think there is some tension between Lorenzen and what the Third Circuit did in Tyler 2013, I do want to highlight one important distinction between Tyler's situation and Ms. Bell's situation, and that's the jury instruction that both of the original juries received in Mr. Tyler's case and Ms. Bell's case. The two cases were indicted separately and tried separately. In Mr. Tyler's case, the jury was instructed that they needed to find that the officers with whom Mr. Tyler believed Ms. Proctor might communicate would in fact be federal officers. The Third Circuit in Tyler 2013 held that in light of Fowler, that instruction was impermissible. And really, it was based on that instruction that the Third Circuit concluded a remand was necessary and potentially a retrial. Ms. Bell's jury was instructed differently. They were instructed that they needed to find that Ms. Proctor was killed for the purpose of preventing her from communicating a possible federal offense to a U.S. law enforcement official. I think that instruction, although it does not articulate the reasonable likelihood standard from Fowler, it's arguably more of a burden on the government because it requires the government to prove, with respect to the mens rea element, some purpose on the part of Ms. Bell, in which she's actually thinking about a federal law enforcement officer. And the Supreme Court in Fowler made clear, based in large part on Section 1512G2, that that type of mens rea is not required. With respect to the evidence in support of the reasonable likelihood standard, Judge Koh documented much of that evidence. I won't spend too much time on it here unless there are questions about it. Just to highlight a few things, though, I'll say the informant here, Ms. Proctor, had been cooperating for a fairly long time. It was well over a year. The task force that she was cooperating with spanned three counties in central Pennsylvania and had been responsible for referring cases to the DEA. Specifically, Agent Diller, who was the coordinator of that task force, met frequently with the DEA, sometimes three times per week. In Ms. Bell's case, the drug operation... Was there any evidence that any actual information that she had passed along, that the victim had passed along, made it to the DEA? Not at the time of her murder, Your Honor. But not all the individuals who she had cooperated against had been tried at that point. Additionally, the task force officers were continuing to attempt to develop information about the sources of supply that she had provided some information about. Additionally, really, the main argument for the government in support of the reasonable likelihood element is that Agent Diller himself, although an agent with the 1515, the Third Circuit has reached that conclusion in multiple appeals, including... Well, that does not appear to be disputed here. I think a dispute is as to the reasonable likelihood. And so, accepting that Agent Diller is a qualifying officer, he had met with Ms. Proctor numerous times throughout her cooperation. I think the testimony was 10 to 15 times. He had debriefed her after each of the controlled buys that she did. She was continuing to testify. So just based on Agent Diller's involvement alone, if he is a qualifying officer, then that, I think, is plenty to overcome the relatively low bar that Fowler had established. Let me ask you a question that may not be directly on point, but if the jury had been charged that they could convict only on the communication theory, if that had been the jury charge in this case, would the jury have been required to be unanimous on that? I think if they had been instructed only on the communication charge, and yes, unanimity would have been required. If that's true, then once the other charge is taken out of the case as a matter of law, to say that she's innocent, why is she not innocent if the judge finds one juror could have found her guilty? Because I think that's the standard that the Supreme Court has articulated in cases like Bosley and that this court has adopted. I'm specifically thinking about Stevens in the reasonable juror could find her guilty. That is to say that the standard stated that way is not that she would have been acquitted. The standard is stated that way is that she would have had a unanimous jury in favor of acquittal. Is that right? I think that's the way the Supreme Court has articulated it, Your Honor. So it's pretty tough. I agree, and I think that reflects the hatch. It's based on where there has been a change in the law, and the petitioner has had no opportunity to test that before. The burden on the petitioner is very high at this stage. And just one final related point to that is that really the official proceeding aspect of this case was lacking from the start, even in the 1990s. When the Third Circuit addressed sufficiency of the evidence in Miss Bell's direct appeal, they solely looked at the communication charge. And I think even based on Fowler, she has not established her actual innocence. This is probably before your time, but I ask, well, why in the world was that put into the indictment? If the law was that clear even back then? It was before my time, Your Honor. And unfortunately, I don't think we have the closing arguments, for example, that transcribed to know whether it was even argued to the jury. But really, the thrust of the government's case was the communication theory. So unless there are any additional questions, I would just ask the court to affirm the district court's decision. Thank you. Thank you, counsel. Okay, Mr. Runtz. Judge, thank you. Just very briefly, a couple of points I'd like to make. Certainly when the Third Circuit in the 2013 Tyler case, we were in the same procedural posture that Mr. Tyler was in, where the court found that there was some evidence, and that Mr. Tyler was actually innocent of the communication charge, and specifically remanded it back for an opportunity for an evidentiary hearing. We asked that in this case. We asked the district court that. We didn't get that opportunity. And I think certainly Miss Bell wasn't a party to any of Mr. Tyler's proceedings that she could actually question any of these witnesses. The second point I'd just simply like to make is that the government has relied on Detective Phones and Agent Diller. Their testimony through the years has evolved. And some of it, quite frankly, was a fiction. So we would ask this court to, at the very minimum, at the very minimum, to give Miss Bell that opportunity to have an evidentiary hearing, to be able to give her the opportunity to present for claims of actual innocence once and for all. Thank you very much. Thank you, counsel. The case of Bell versus the warden shall now be submitted, and the parties will hear from us down the road. And we thank both of you again for your spirited advocacy.
judges: FLETCHER, GOULD, COLLINS